IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

UNITED STATES OF AMERICA,                                    03:11-cv-328-MA

        Plaintiff,                                   OPINION AND ORDER

  v.

2009 Dodge Challenger, VIN
2B3LJ44V49H561559, et al., in
rem,

        Defendants.

S. Amanda Marshall
United States Attorney
Amy E. Potter
Assistant United States Attorney
405 E. 8th Avenue
Eugene, OR 97401

    Attorneys for United States of America

Shaun S. McCrea
1147 High Street
Eugene, OR 97401

    Attorney for Claimants Nicholas Bettencourt
    and Harold Bettencourt, III

///
///

1 - OPINION AND ORDER

Steven L. Wilgers
243 W Commercial Avenue
P.O. Box 29
Coos Bay, OR 97420

    Attorney for Peter Bettencourt
    and Kustom Products, Inc.

Larry Setchell
1001 Fourth Avenue
Suite 4200
Seattle, WA 98154

    Attorney for Harold Bettencourt, III

Marc D. Blackman
1001 SW Fifth Avenue
Suite 1400
Portland, OR 97204

    Attorney for Harold Bettencourt, Jr.

MARSH, Judge

    The United States of America brings this civil forfeiture action pursuant to 18 U.S.C. § 981, 28 U.S.C. §§ 1345, 1355, 1356 and 1395. Currently before the court is the government's motion to stay, and the claimants' cross motions for protective disclosure of James McKaken's ex parte affidavit. For the reasons set forth below, claimants' motions are denied, the government's motion to stay is granted, and this proceeding is stayed for a period of 90 days.

## BACKGROUND

    This is one of two related civil forfeiture proceedings seeking the forfeiture of vehicles and funds seized as part of an ongoing investigation involving the claimants, who are believed to

2 - OPINION AND ORDER

be involved in, or benefitted from, a conspiracy to defraud the United States by providing nonconforming, substitute parts and supplies to the Department of Defense. The alleged probable cause for the seizure of vehicles and funds is set forth in the affidavit of James McMaken, Special Agent, United States Department of Defense.

In May and June, 2011, claimants filed their Claims and Answers to the Amended Complaint. On August 12, 2011, claimants filed Motions for Summary Judgment contending that the seized funds and vehicles are not directly traceable to the alleged fraud to be forfeitable under 18 U.S.C. § 981, and that these forfeiture proceedings are time barred because the complaints were not filed within the one-year limitation set forth in 18 U.S.C. § 984. The government opposes summary judgment as premature, and moves the court to stay these proceedings under 18 U.S.C. § 981(g).

## DISCUSSION

Pursuant to 18 U.S.C. § 981(g)(1), "[u]pon the motion of the United States, the court shall stay the civil forfeiture proceeding if the court determines that civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal case." If the government requests a stay, it may "submit evidence ex parte in order to avoid disclosing any matter that may adversely affect an

3 - OPINION AND ORDER

ongoing criminal investigation or pending criminal trial." 18 U.S.C. § 981(g)(5).

I.  **Submission of Ex Parte Affidavit.**

Claimants object to the submission of James McMaken's ex parte affidavit in support of the government's motion to stay. Having reviewed the ex parte affidavit, I conclude that its disclosure could adversely affect the government's ongoing criminal investigation. Accordingly, the affidavit is properly filed ex parte. 18 U.S.C. § 981(g)(5). Claimants' motions for protective disclosure or redaction of the affidavit are denied.

II. **Propriety of Stay.**

It is uncontested that the government's ongoing criminal investigation and this civil forfeiture proceeding are "related" because they arise out of the same facts and circumstances, and involve the same parties. See 18 U.S.C. § 981(g)(4). Furthermore, after reviewing the government's amended complaint, James McMaken's supporting affidavit, and the *ex parte* affidavit in support of the government's motion to stay, I find that civil discovery likely will adversely affect the ability of the government to conduct the related criminal investigation because it will subject the government's criminal investigation to broader and earlier discovery than would occur in a related criminal proceeding.

Although claimants stress that they do not seek discovery, the government would be compelled to compile and reveal information and

4 - OPINION AND ORDER

evidence collected in support of its criminal investigation in order to effectively oppose claimants' motions for summary judgment. The government ordinarily need not reveal all of its evidence during the course of criminal discovery. See Fed. R. Crim. P. 16(a)(2) & (3) (internal government documents, government witness statements, and grand jury proceedings generally not discoverable).

Moreover, given the number of people involved, and the complexity and amount of financial transactions involved, it is likely that discovery will need to take place before this court can determine if there is a genuine issue of material fact as to whether any of the seized funds or vehicles can be traced to the alleged fraud under 18 U.S.C. § 981 and, if not, if this action has been commenced in a timely manner under 18 U.S.C. § 984. See United States v. Check No. 25128 in Amount of $58,654.11, 122 F.3d 1263, 1264 (9th Cir. 1997) (concluding that tracing of money for civil forfeiture under 21 U.S.C. § 881(a)(6) does not require that the identical money be traced); United States v. Real Property Located at 6415 N. Harrison Ave., 2011 WL 2580335 *3 (E.D. Cal. 2011) (applying same rule under 18 U.S.C. § 981); see also United States v. Banco Cafetero Panama, 797 F.2d 1154, 1158-62 (2nd Cir. 1986) (outlining various accounting methods for tracing forfeitable funds in bank accounts).

In sum, I conclude that civil discovery, whether initiated by claimants or necessitated by claimants' motions for summary judgment, would adversely affect the ability of the government to prosecute the related criminal investigation. See U.S. v. Approx. $69,577 in U.S. Currency, 2009 WL 1404690 *3 (N.D.Cal. May 19, 2009) (staying civil forfeiture case so as not to subject government to broader and earlier discovery than would occur in criminal proceeding); U.S. v. Assorted Firearms-Motorcycles and Other Personal Property, 677 F.Supp.2d 1214, 1216 (C.D.Cal. 2009) (same). In so holding, I find the case relied upon by claimants, United States v. Contents of Accounts, 2010 WL 2682397 (W.D.Ky. July 2, 2010), unconvincing and factually distinguishable in that the court's analysis was based, at least in part, upon the fact that the seizure of the claimants' property was premised "largely on misdemeanor Jenkins Act violations and disputed readings of state tax laws", and upon its conclusion that the government's interests could be protected through the issuance of a protective order.

Similarly, claimants' reliance upon the Second Circuit's conclusion in Banco Cafetero Intem., 797 F.2d at 1163, that the Due Process Clause prohibits an indefinite delay of a criminal forfeiture proceeding, sheds little light on the propriety of a 90-day stay in this civil proceeding pursuant to § 981(g)(1).

6 - OPINION AND ORDER

Finally, I reject Claimant Harold Bettencourt Jr.'s contention that granting a stay in this civil forfeiture proceeding is improper because it will undermine his constitutional right to counsel of choice in the related criminal investigation. Claimant relies upon United States v. Kaley, 579 F.3d 1246 (11th Cir. 2009), a case addressing when a criminal defendant must be given a pretrial evidentiary hearing for the return of seized assets in order to protect his right to retain counsel of choice. I find the constitutional analysis in Kaley, a criminal proceeding, to be sufficiently distinguishable so as *not* to compel a particular result in the instant civil proceeding.

More importantly, Claimant Harold Bettencourt, Jr., has not been indicted, *nor has he provided any evidence to support his contention that he is financially unable to retain counsel of choice*. In the event that he is indicted, Fed. R. Crim. P. 41(g) appears to provide the appropriate remedy. See United States v. Unimex, Inc., 991 F.2d 546, 550-51 (9th Cir. 1993) (opining that criminal defendant may move pursuant to Fed. R. Crim. P. 41 for the release of property held pursuant to civil forfeiture in order to pay the fees of defense counsel). Finally, the court notes that claimants' constitutional rights are protected by the fact that the stay of this proceeding is not indefinite.

///

///

7 - OPINION AND ORDER

## CONCLUSION

Based on the foregoing, the government's motion to stay (#67) is GRANTED.  This action shall be stayed for a period of 90 days.  Claimants' motions for summary judgment (#41, #43, #45, and #47) are held in abeyance during the pendency of the stay.  Claimants' cross-motions for protective disclosure of the ex parte affidavit (#71, #72, #73, #74 & #75) are DENIED.

IT IS SO ORDERED.

DATED this _30th___ day of November, 2011.

/s/Malcolm F. Marsh__
Malcolm F. Marsh
United States District Judge

8 - OPINION AND ORDER